| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Clarisse Young<br>Shumaker Mallory, LLP<br>333 S. Hope Street<br>35th Floor<br>Los Angeles, CA 90071<br><br>310–614–3456<br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br>Leslie Klein<br><br><br><br>Debtor(s). | CASE NO.:  2:23–bk–10990–SK<br><br>CHAPTER:  11<br><br>ADVERSARY NUMBER: 2:23–ap–01151–SK |
|---|---|
| Adi Vendriger<br><br>**(See Attachment A for names of additional plaintiffs)**<br>Plaintiff(s)<br><br>Versus<br><br>Leslie Klein<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **06/12/2023.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

 A status conference in the adversary proceeding commenced by the Complaint has been set for:

|  |  |
|---|---|
| **Date:** | **August 9, 2023** |
| **Time:** | **09:00 AM** |
| **Hearing Judge:** | **Sandra R. Klein** |
| **Location:** | **255 E Temple St., Crtrm 1575, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


**KATHLEEN J. CAMPBELL
CLERK OF COURT**


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: May 12, 2023


By: _____"s/" Thais D. May_____

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 7004–1.SUMMONS.ADV.PROC**

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Adi Vendriger<br>Adi Vendriger<br>Adi Vendriger | Leslie Klein |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:
**COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBTS AND TO DENY DISCHARGE;**

**ADVERSARY PROCEEDING COVER SHEET; EARLY MEETING OF COUNSEL; JOINT STATUS REPORT AND STATUS CONFERENCE INSTRUCTIONS**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) MAY 16,2003, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Clarisse Young Shumaker    youngshumaker@smcounsel.com**
**Brett Wasserman               wasserman@smcounsel.com**
**United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) MAY 16, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

  **Debtor/Defendant: Leslie Klein, 322 N. June Street, Los Angeles, CA 90001**
  **Debtor's Counsel: Michael Jay Berger, 9454 Wilshire Blvd, 6th Floor, Beverly Hills, CA 90212-2929 (Courtesy copy)**

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

  **N/A**

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| MAY 16, 2023 | **Davida J. Goldman** | *Davida J. Goldman* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016

**F 7004–1.SUMMONS.ADV.PROC**

## <u>EARLY MEETING OF COUNSEL, JOINT STATUS REPORT AND STATUS CONFERENCE INSTRUCTIONS</u>

1.      A copy of these instructions must be attached to the copy of the complaint served upon each party, and the proof of service of the summons and complaint must indicate that such copy was served therewith.

2.      If the adversary proceeding involves money or property exceeding $10,000, or if plaintiff believes trial time will exceed 4 hours, plaintiff must serve, with the summons and complaint, a notice that compliance with Local Bankruptcy Rule 7026-1 and Federal Bankruptcy Procedure Rule 7026 is required. Plaintiff must also file a proof of service of the notice together with the proof of service of the summons and the complaint.

3.      If Local Bankruptcy Rule 7026-1 is applicable, counsel for the parties <u>MUST TIMELY MEET TO DISCUSS SETTLEMENT AND TO EXCHANGE DOCUMENTS, OTHER EVIDENCE, AND LISTS OF WITNESSES, AND PRELIMINARY DISCOVERY SCHEDULES AS PROVIDED **IN** SAID RULE. FEDERAL RULE OF CIVIL PROCEDURE 26(D DOES NOT APPLY TO THIS PROCEEDING.</u>

4.      Unless all defendants have defaulted, the parties **must** file a Joint Status Report pursuant to Local Bankruptcy Rule 7016-1(a)(2) at least 14 court days before the date of the status conference using Local Form No. F 7016-1.1. This form may be found on the Court's website, <u>www.cacb.uscourts.gov,</u> by clicking on "Forms/Rules/General Orders," then "Local Bankruptcy Rules & Forms." and scrolling down to F 7016-1.1. If Local Bankruptcy Rule 7026-1 is applicable, <u>the parties shall include in the Joint Status Report a statement that they have met to discuss settlement and have exchanged documents, other evidence, lists of witnesses and preliminary discovery schedules.</u>

5.      If no response to the complaint is timely filed, plaintiff may request entry of default by the clerk or by the court pursuant to Local Bankruptcy Rule 7055-1(a). Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion pursuant to Local Bankruptcy Rule 7055-1(b). These motions may be brought pursuant to Local Bankruptcy Rule 9013-1.

6.      If the parties dispute whether the adversary proceeding is "core" or "non-core," they must file points and authorities in support of their positions. See 28 U.S.C. § 157. Any party that contends the proceeding is "non-core" must file and serve its points and authorities at least 14 days before the status conference. Any response must be filed and served at least 7 days before the status conference.

7.      Unless a party objects in writing in the first Joint Status Report or the court orders otherwise, direct testimony at trial will be presented by declaration.

8.      Failure to comply with these instructions may subject the responsible party to sanctions.

9.      At the initial status conference a date may be set for further status conference, a pre-trial conference and/or for trial.

10.     Failure of counsel for any party to appear at a status conference or pre-trial conference may be considered an abandonment and the adversary proceeding may be dismissed or judgment entered against the defaulting party, without further hearing.

Sandra R. Klein<br>
United States Bankruptcy Judge

**Open Adversary Case**

## U.S. Bankruptcy Court

## Central District of California

Notice of Electronic Filing

The following transaction was received from Clarisse Young entered on 5/11/2023 at 4:50 PM PDT and filed on 5/11/2023

**Case Name:**       Vendriger et al v. Klein
**Case Number:**    2:23-ap-01151-SK
**Document Number:** 1
**Case Name:**       Leslie Klein
**Case Number:**    2:23-bk-10990-SK
**Document Number:** 127

**Docket Text:**
Adversary case 2:23-ap-01151. Complaint by Adi Vendriger, Adi Vendriger, Adi Vendriger, Leslie Klein against Leslie Klein. ($350.00 Fee Not Required). *for Determination of Nondischargeability* (Attachments: # (1) Adversary Proceeding Cover Sheet # (2) Summons for Adversary Proceeding) Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability - 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge - 727(c),(d),(e))) (Young, Clarisse)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** FINAL Nondischargeability Complaint 5-11-23.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=5/11/2023] [FileNumber=104176310 -0] [9cc35437baf83f6c8866494e2c62028a82c590d994f40776fc416268f4fd11655 5312e0e075b5b83f11dd7da30cb5e1a40c46fc6f07ee68556dc92ca77eb4bd0]]
**Document description:** Adversary Proceeding Cover Sheet
**Original filename:** C:\fakepath\FINAL Adv Case Cover Sheet 5-11-23.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=5/11/2023] [FileNumber=104176310 -1] [1491a8e096eaa128fdd54872783b74c24614f5843d93ccbe571c96e60418978d7 87545728fabe84baa956f22eff5ecda97ef13377420a001ab3ff4f6df2a1b0e]]
**Document description:** Summons for Adversary Proceeding
**Original filename:** C:\fakepath\FINAL SUMMONS ADV PROC F7004-1 5-11-23.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=5/11/2023] [FileNumber=104176310 -2] [a52deffa4336b69d60782270fce6ce17b3c183607a34961f0399bec286d6ad94e 786d3bb5ed2e4358030509fd3594ea428a8feb5568ee8ebcd4abdb57cae0502]]
**Document description:** Main Document
**Original filename:** FINAL Nondischargeability Complaint 5-11-23.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=5/11/2023] [FileNumber=104176311 -0] [c796845f367487c2b718d524662144135da20089641bb1eff4fb1e99dc369b3ac 90f898fdedb6f0ef8eb5beb13c6aa5f622a5ffa28fc3207f2b17f421ecc53a3]]
**Document description:** Adversary Proceeding Cover Sheet
**Original filename:** C:\fakepath\FINAL Adv Case Cover Sheet 5-11-23.pdf
**Electronic document Stamp:**

[STAMP bkecfStamp_ID=1106918562 [Date=5/11/2023] [FileNumber=104176311
-1] [3782abebfdda377a36c2fcf2d68bef37a7571aa8c6b92e9f3e79a2b47672095a1
8955ebfc8de9e46ace2be67be3dc03a6cac258c02d39264c56ccc83eb4cb3b9]]

**Document description:** Summons for Adversary Proceeding
**Original filename:**C:\fakepath\FINAL SUMMONS ADV PROC F7004-1 5-11-23.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=5/11/2023] [FileNumber=104176311
-2] [872972abc5dfed3f72008cf44c0fadea0d814da470c5ae73beb24bc3c663732d1
dd1fb95a7d83074235d454459282d90f1318ad48af89d96fc1d59208a838b10]]

### 2:23-ap-01151-SK Notice will be electronically mailed to:

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Clarisse Young on behalf of Plaintiff Adi Vendriger
youngshumaker@smcounsel.com, levern@smcounsel.com

### 2:23-ap-01151-SK Notice will not be electronically mailed to:

Leslie Klein
322 N. June Street
Los Angeles, CA 90001

Brett Wasserman on behalf of Plaintiff Adi Vendriger
Shumaker Mallory, LLP
280 S. Beverly Dr., Ste. 505
Beverly Hills, CA 90212

### 2:23-bk-10990-SK Notice will be electronically mailed to:

Reem J Bello on behalf of Defendant Erica Vago
rbello@goeforlaw.com, kmurphy@goeforlaw.com

Reem J Bello on behalf of Defendant Joseph Vago
rbello@goeforlaw.com, kmurphy@goeforlaw.com

Reem J Bello on behalf of Interested Party Reem J Bello
rbello@goeforlaw.com, kmurphy@goeforlaw.com

Reem J Bello on behalf of Plaintiff Erica Vago
rbello@goeforlaw.com, kmurphy@goeforlaw.com

Reem J Bello on behalf of Plaintiff Joseph Vago
rbello@goeforlaw.com, kmurphy@goeforlaw.com

Michael Jay Berger on behalf of Debtor Leslie Klein
michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Michael Jay Berger on behalf of Plaintiff Leslie Klein
michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com

Greg P Campbell on behalf of Interested Party Courtesy NEF
ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com

Baruch C Cohen on behalf of Creditor Robert & Esther Mermelstein
bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com

Theron S Covey on behalf of Creditor Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not
individually but as trusteefor Pretium Mortgage Acquisition Trust
tcovey@raslg.com, sferry@raslg.com

Dane W Exnowski on behalf of Interested Party Courtesy NEF
dane.exnowski@mccalla.com, bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com

Robert P Goe on behalf of Creditor Erica Vago
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Creditor Joseph Vago
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Defendant Erica Vago
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Defendant Joseph Vago
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Interested Party Robert P Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff Erica Vago
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff Joseph Vago
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Michael I. Gottfried on behalf of Creditor A. Gestetner Family Trust
mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com

Michael I. Gottfried on behalf of Creditor Gestetner Charitable Remainder Unitrust
mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com

Michael I. Gottfried on behalf of Interested Party Courtesy NEF
mgottfried@elkinskalt.com, cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com

Brandon J Iskander on behalf of Creditor Erica Vago
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Creditor Joseph Vago
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Michael Jones on behalf of U.S. Trustee United States Trustee (LA)
michael.jones4@usdoj.gov

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)

ron.maroko@usdoj.gov

Steven M Mayer on behalf of Interested Party Courtesy NEF
smayer@mayerlawla.com

Krikor J Meshefejian on behalf of Interested Party Life Capital Group, LLC
kjm@lnbyg.com

Joshua L Scheer on behalf of Creditor Ajax Mortgage Loan Trust 2021-D, Mortgage-Backed Securities, Series
2021-D, by U.S. Bank National Association, as Indenture Trustee
jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com

Mark M Sharf (TR)
mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com

Alan G Tippie on behalf of Interested Party Courtesy NEF
Alan.Tippie@gmlaw.com,
atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walker@gmlaw.com

Gary Tokumori on behalf of Interested Party Courtesy NEF
gtokumori@pmcos.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Michael L Wachtell on behalf of Interested Party Courtesy NEF
mwachtell@buchalter.com

John P. Ward on behalf of Creditor U.S. Bank, N.A., as Trustee for Velocity Commercial Capital Loan Trust 2018-2
jward@attleseystorm.com, ezhang@attleseystorm.com

Clarisse Young on behalf of Creditor Adi Vendriger
youngshumaker@smcounsel.com, levern@smcounsel.com

Clarisse Young on behalf of Interested Party Courtesy NEF
youngshumaker@smcounsel.com, levern@smcounsel.com

Clarisse Young on behalf of Plaintiff Adi Vendriger
youngshumaker@smcounsel.com, levern@smcounsel.com

Paul P Young on behalf of Creditor Franklin Menlo
paul@cym.law, jaclyn@cym.law

Paul P Young on behalf of Interested Party Courtesy NEF
paul@cym.law, jaclyn@cym.law

Roye Zur on behalf of Interested Party Courtesy NEF
rzur@elkinskalt.com, cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

**2:23-bk-10990-SK Notice will not be electronically mailed to:**

Brian A. Procel on behalf of Plaintiff Erica Vago
PROCEL LAW PC
401 Wilshire Blvd., 12th floor

Santa Monica, CA 90401

Brett Wasserman on behalf of Plaintiff Adi Vendriger
Shumaker Mallory, LLP
280 S. Beverly Dr., Ste. 505
Beverly Hills, CA 90212

1  **SHUMAKER MALLORY LLP**
   Clarisse Young Shumaker (SBN 106505)
2  youngshumaker@smcounsel.com
   Brett J. Wasserman (SBN 315058)
3  wasserman@smcounsel.com
   280 S. Beverly Dr. Suite 505
4  Beverly Hills, CA 90212
5  **Mailing Address**
   1 Ringbit Rd. W.
6  Rolling Hills, CA 90274
   Telephone: (213) 793-2020
7  Facsimile: (213) 674-4268
8
   Attorneys for Creditor and Plaintiff ADI VENDRIGER, Co-Trustee
9  and beneficiary of The First Amendment Trust Wendriger
   Family Dated May 7, 1990
10

11          **UNITED STATES BANKRUPTCY COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
12               **LOS ANGELES DIVISION**

13 | In re:                                | ) | Case No.  2:23-bk-10990-SK
14 |                                       | ) |
   | LESLIE KLEIN,                         | ) | Adv. Case No.:
15 |                                       | ) |
16 |         Debtor and Debtor in Possession. | ) | **COMPLAINT FOR DETERMINATION OF**
   |                                       | ) | **NONDISCHARGEABILITY OF DEBTS**
17 |                                       | ) | **AND TO DENY DISCHARGE**
   |                                       | ) |
18 | ADI VENDRIGER, Co-Trustee and         | ) |
   | beneficiary of the First Amendment Trust | ) |
19 | Wendriger Family Dated May 7, 1990,   | ) |
20 |                                       | ) |
   |         Plaintiff,                    | ) |
21 |                                       | ) |
22 |     v.                                | ) |
23 | LESLIE KLEIN and DOES 1 through 10,   | ) |
24 |                                       | ) |
   |         Defendants.                   | ) |
25 |                                       | ) |

26 ///
27 ///

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBTS**

Plaintiff, Adi Vendriger, Co-Trustee and beneficiary of Creditor The First Amendment Trust Wendriger Family Dated May 7, 1990 ("Plaintiff"), by and through his counsel of record, for his complaint ("Complaint") against Debtor/Defendant, Leslie Klein ("Debtor" or "Defendant"), hereby claims and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint seeks a determination on non-dischargeability of Defendant's debts to Plaintiff pursuant to 11 U.S.C. §523, and objects to Defendant's discharge in bankruptcy pursuant to 11 U.S.C. §727. This action is a proceeding arising in and/or related to the bankruptcy case of In re Leslie Klein, bearing Case No. 2:23-bk-10990-SK (the "Bankruptcy Case"), which is a case under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101 et seq., (the "Bankruptcy Code"), and which is pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court" or "Court"). The claims for relief alleged herein are "core" proceedings subject to determination by this Court pursuant to 28 U.S.C. §157(b)(2)(I) and (J). Regardless of whether this proceeding is core, non-core, or otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court. Defendant is hereby notified that Rule 7008 of the Federal Rules of Bankruptcy Procedure requires defendant to plead whether consent is given to the entry of a final order and judgment by the Bankruptcy Court.

2. Venue is proper in this Court under 28 U.S.C. §1409(a) because this adversary proceeding arises in a case under the Bankruptcy Code now pending in this Court.

## INTRODUCTION

3. The Defendant, a wolf in sheep's clothing, used his position of trust as an attorney licensed to practice in California[1], and standing in the Jewish community, to prey on fellow,

---

[1] Remarkably, despite a judgment for fraud against him, numerous lawsuits alleging fraud against him, and past due, unpaid State Court sanctions exceeding $1,000 (and as such mandatorily reportable to the California State Bar), Klein remains in good standing with the full ability to practice law and potentially continue to prey on vulnerable individuals.

vulnerable congregants. After Plaintiff's mother passed away in 2010 with a Deed of Trust and bank account in her name, instead of The First Amendment Trust Wendriger Family Dated May 7, 1990 ("Trust"), Plaintiff retained Defendant to act as Special Administrator to the Estate of Tania Wendriger, Plaintiff's mother, to perform the simple task of paying off the Deed of Trust by allocating the funds in the bank account and securing the remaining funds from the family trust to pay off the Deed of Trust. Defendant abused this position of power and trust to continue to collect rental income belonging to the Trust from the property management company for the next decade, while manufacturing a phony tax controversy and misappropriating over $1,200,000 of funds belonging to the Trust.  Sadly, Defendant has also made use of his web of lies and deceit to gaslight Plaintiff's brother, and co-trustee, and intentionally wedge the brothers apart to distract them from uncovering his longstanding fraud against the Trust.

4.     Based on the hodgepodge of incomplete, superficial accountings filed with Los Angeles Superior Court – Probate Division, upon information and belief, Defendant owes Plaintiff at least $1,200,000.  Said amount is subject to change upon receipt of a Probate Code compliant accounting.  Plaintiff has filed a Proof of Claim in an amount of not less than $1,200,000 and reserves the right to amend said Proof of Claim.

5.     Plaintiff is one of Defendant's smaller creditors with a claim of approximately $1,200,000.  Plaintiff was unable to attend the Rule 341(a) examination as Defendant failed to disclose this bankruptcy proceeding to Plaintiff, despite having been involved in ongoing litigation since August of 2021, as Plaintiff only became aware of this bankruptcy case when Defendant filed a Notice of Stay, nearly six (6) weeks after the filing of the Petition, to avoid additional sanctions for failure to to provide a California Probate Code compliant accounting.

6.     To date, Defendant has not accounted for the missing funds. This debt is not dischargeable in bankruptcy.  It is indicative of a pattern of widespread fraud and abuse, made

///
///
///

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBTS**

possible through Defendant's position of power and trust as an attorney, against vulnerable and grieving members of the Jewish community.

## THE PARTIES

7.  Plaintiff is an unsecured creditor in the above-captioned chapter 11 bankruptcy case.

8.  Defendant is the debtor in the above-captioned chapter 11 bankruptcy case.

## STATEMENT OF FACTS

9.     On May 7, 1990, OSCAR WENDRIGER and TANIA WENDRIGER established the FIRST AMENDMENT TRUST WENDRIGER FAMILY ("Trust"), which replaced the prior Trust Agreement dated July 10, 1986. OSCAR WENDRIGER and TANIA WENDRIGER were the initial co-Trustees of the Trust. Petitioner ADI VENDRIGER, and his brother Jacob Vendriger, also known as Yaacov Vendriger, are the only children of OSCAR WENDRIGER and TANIA WENDRIGER, and were named the successor co-Trustees of the Trust. Pursuant to the terms of the Trust, as amended on March 18, 1993, upon the death of the Surviving Trustor, the Trust Estate shall be distributed as follows: (i) each grandchild shall receive the sum of $10,000, increased six percent (6%) per annum, cumulatively; and (ii) the remainder of the Trust Estate shall be divided equally between ADI VENDRIGER and Jacob Vendriger.

10.     On May 7, 1990, OSCAR WENDRIGER and TANIA WENDRIGER contributed the following three (3) real properties to the Trust as follows:

- 1435 Fairfax Avenue #20, Los Angeles, CA (APN 5554-001-033);
- 1217 Havenhurst Drive, Los Angeles, CA (APN 5554-016-011); and
- 948 N. Martel Avenue, Los Angeles, CA (APN 5531-020-002).

11.     On May 28, 1996, OSCAR WENDRIGER and TANIA WENDRIGER contributed 1435 Fairfax Avenue #4, Los Angeles, CA (APN 5554-001-017) to the Trust.

12.     All four (4) Trust properties are managed by Holley Property Management Company.

13.     Pursuant to a Petition for Special Administrator filed by Klein, on October 30, 1999, OSCAR WENDRIGER and TANIA WENDRIGER executed a Note Secured by Trust

4

Deed ("Secured Note") in the sum of $258,815.05, the terms of which provided for all unpaid principal and interest to be due and payable on October 24, 2009.

14.    On August 23, 2007, OSCAR WENDRIGER, also known as Oscar Vendriger, died.

15.    On November 23, 2007, TANIA WENDRIGER, also known as Tania Vendriger and Tanya Vendriger, died.

16.    At the time of TANIA WENDRIGER's death there was a Chase Account holding $194,000, which was in excess of the statutory limits under Probate Code § 13100.

17.    On March 24, 2010, Klein filed the Petition for Special Administrator in the Estate of Tania Wendriger in Los Angeles Superior Court, Case No. LP015084 and was issued Letters of Special Administration.

18.    The Petition for Special Administrator included Nominations of Leslie Klein by ADI VENDRIGER and JACOB VENDRIGER, for the purpose of withdrawing the funds in the Chase account and applying such funds to the payment of the Secured Note, as well as a Power of Attorney in favor of Leslie Klein, dated February 5, 2010, signed by ADI VENDRIGER and JACOB VENDRIGER.  The Petition for Special Administrator also included a Declaration by Leslie Klein, which specifically notes the Power of Attorney dated February 5, 2010 is in regards to the Chase Account for the specific purpose of obtaining the funds in the Chase Account and applying said funds toward payment on the Secured Note.

19.    On March 24, 2010, an Order for Special Administrator was issued granting Klein the following powers: (i) to withdraw all sums on deposit in the Chase Account; (ii) With said sums, to apply toward payment in full, including all accrued interest until such payment that certain Note Secured by Deed of Trust, dated October 30, 1990, in favor of Harry Halpin and Rose Shapiro the final payment on which , in the sum of $200,330.10, was due on October 24, 2009; (iii) to executed and delivery any checks, drafts, withdrawals, or other instruments drawn on the Chase Account for the payment of the money on deposit in the Chase Account to pay in full including all accrued interest until such payment, the Secured Note, the final payment on which, in the sum of $200,330.20, was due on October 24, 2009; and (iv) if necessary, to open any bank account

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBTS**

necessary in the name of the Estate and to deposit in such account any and all sums withdrawn from said Chase Account.  Thereafter, to execute and deliver any checks, drafts, withdrawals, or other instruments drawn on such Account for payment of the money on deposit in such Account to pay in full including all accrued interest until such payment, the Secured Note, the final payment of which, in the sum of $200,330.20, was due on October 24, 2009.

20.    To date, Klein has not filed a California Probate Code compliant accounting with the Court as Special Administrator.

21.    On July 27, 2011, Klein sent correspondence to ADI VENDRIGER and JACOB VENDRIGER which indicated Klein had received $255,792 from Holley Property Management company from March 2010 to June 2011. Klein noted expenses as follows: (i) paying off the Trust Deed in the amount of $205,987.15, $192,824 of which came from "monies held in various bank accounts"; (ii) $10,000 of attorney's fees; (iii) $4,200 for CPA fees, Court costs, and Bonding fees; and (iv) $156,684 in taxes paid for 2008, 2010, and 2011.  Klein noted a balance of $61,349.85 in his account for the benefit of Petitioner and JACOB after issuance of a $10,400 check to JACOB to "reimburse him for his one half of the taxes which [Klein] paid to the IRS for the fees that were bounced by [Petitioner]." At this time, Klein's role as Special Administrator has concluded.

22.    To date, Klein has not filed a Petition for Discharge as Special Administrator despite acknowledging having paid off the Trust Deed prior to July 27, 2011.  Upon information and belief, Klein has charged Petitioner and JACOB a yearly fee to act as a fiduciary.  In addition, upon information and belief, Klein has wasted Trust funds by paying yearly for a Bond that is entirely unnecessary.

23.    Upon information and belief, Klein represented to Holley Property Management Company that he was legally authorized as Trustee and/or Special Administrator to collect the rental income from the Trust properties.

24.    Upon information and belief, despite having no legal authority to handle the rental income of the Trust properties except to the extent necessary to pay the Deed of Trust in full under the powers as Special Administrator, Klein has collected all of the rental income from the four (4)

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBTS**

properties titled in the name of the Trust from Holley Property Management Company from March of 2010 through March of 2021, for ADI VENDRIGER, and August of 2021, for JACOB VENDRIGER.

25.    Klein has failed to provide sufficient and accurate accountings to Petitioner, as required by Probate Code §1060 et seq., despite numerous requests to do so.  In fact, on January 11, 2023, Klein was sanctioned $1,500 by the Los Angeles Superior Court for failure to abide by a Court Order to produce a Probate Code compliance accounting.

26.    Upon information and belief, Klein has failed to accurately report the actual distributions made to the Petitioner and/or the proper taxing authorities. For example, in 2020, Klein filed a fiduciary tax return for the Trust indicated a Distributable Net Income of $226,536 and actual distributions of $240,000 ($120,000 to ADI and $120,000 to JACOB); however, ADI only actually received distributions totaling $90,000.  In addition, statements provided by Holley Property Management Company show actual owner distributions totaling almost $346,000, which leaves $116,000 unaccounted for.

27.    Upon information and belief, Klein has engaged in a similar practice of over-reporting the actual distributions made to Petitioner.  Upon information and belief, such over-reporting was done in efforts to cover Klein's misappropriation of client fund.

28.    Upon information and belief, Klein has failed to accurately report the reserves being held for the benefit of Petition to the Petitioner and/or the proper taxing authorities.  For example, upon information and belief, Klein should have approximately $1,400,000 held in his account for the benefit of Petitioner and JACOB.  On March 24, 2021, Klein indicated he held a balance of only $220,000 in his attorney expense account because of an IRS claim for $80,000.  Upon information and belief, the purported tax controversy is a ruse to allow Klein to hold money "in reserve" without scrutiny.

29.    Upon information and belief, Klein's failure to prepare declarations to be submitted to the Israeli Taxing Authorities indicating the reserves held by Klein, despite Petitioner's

///

7

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBTS**

1    numerous demands for Klein to do so, have put Petitioner in jeopardy of incurring additional taxes

2    and penalties imposed by the Israeli Taxing Authorities.

3        30.    Upon information and belief, Klein has misappropriated the funds that constitute the

4    difference between the amount Klein is believed to be holding on behalf of Petitioner and JACOB

5    and the amount Klein is reporting to be holding on their behalf.

6        31.    In August of 2021, Plaintiff filed a Petition for Return of Trust Property against

7    Defendant in Los Angeles Superior Court, Probate Division, Case No. 21STPB08420. This matter

8    is pending, but stayed by the present bankruptcy case.

9                          **FIRST CLAIM FOR RELIEF**

10            **(Nondischargeability of Debt – 11 U.S.C. § 523(a)(2)(A)**

11        32.    Plaintiff realleges and incorporates by reference all of the prior and subsequent

12    allegations in this Complaint as though fully set forth herein.

13        33.    At all relevant times, Defendant acted as the Trust's fiduciary.  Defendant was

14    Special Administrator of the Estate of Tania Wendriger, which made use of Trust assets to pay off a

15    debt outside of the Trust.  Defendant was also an attorney for the Trust handling the purported tax

16    issue and trust administration.

17        34.    Defendant owed Plaintiff, as co-Trustee and as a beneficiary of the Trust, a fiduciary

18    duty at all relevant times, including the duty of loyalty and candor. Defendant further owed a

19    fiduciary duty for all Trust funds held in "reserve" for the tax issue under California's Client Trust

20    Account rules, including the duty not to use said for his own self-gain.

21        35.    Defendant intentionally misappropriated approximately $1,200,000 from the Trust.

22    Defendant misrepresented his position to the property management company to allow him to

23    collect the rental income on behalf of the Trust, misrepresented a purported tax controversy, and

24    has misrepresented the state of Plaintiff's funds through numerous inaccurate and nonsensical

25    "accountings."  Upon information and belief, Defendant has also prepared and filed tax returns on

26    Plaintiff's behalf containing numerous misrepresentations as to the distributions made. Further,

27    ///

8

Defendant also caused the Trust to incur substantial tax liabilities due to his disregard of the
Trust's terms and retaining income.

36.    Defendant's misappropriation of Plaintiff's funds and other property was
unauthorized, without the Trust's consent, and fraudulent.  Defendant acted with the intent to
permanently deprive the Trust of the possession, use, and benefit of its funds.

37.    As a result of Defendant's fraudulent and unauthorized misappropriation of
Plaintiff's funds, false pretenses, false representations, and actual fraud set forth herein, Plaintiff
has suffered damages in an amount not less than $1,200,000.

38.    Defendant's debt to the Trust is nondischargeable under 11 U.S.C. § 523(a)(2)
because it was incurred as a result of false pretenses, false representations, and actual fraud.

39.    The damages arising from Defendant's willful and malicious false pretenses, false
representations, and actual fraud to the Trust constitute a debt against Defendant that is
nondischargeable under 11 U.S.C. § 523(a)(2).

<u>**SECOND CLAIM FOR RELIEF**</u>

**(Nondischargeability of Debt – 11 U.S.C. § 523(a)(4)**

40.    Plaintiff realleges and incorporates by reference all of the prior and subsequent
allegations in this Complaint as though fully set forth herein.

41.    At all relevant times, Defendant acted as the Trust's fiduciary.  Defendant was
Special Administrator of the Estate of Tania Wendriger, which made use of Trust assets to pay off a
debt outside of the Trust.  Defendant was also an attorney for the Trust handling the purported tax
issue and trust administration.

42.    Defendant owed Plaintiff, as co-Trustee and as a beneficiary of the Trust, a fiduciary
duty at all relevant times, including the duty of loyalty and candor. Defendant further owed a
fiduciary duty for all Trust funds held in "reserve" for the tax issue under California's Client Trust
Account rules, including the duty not to use said for his own self-gain.

43.    Defendant intentionally misappropriated and embezzled approximately $1,200,000
from the Trust.  Defendant misrepresented his position to the property management company to

allow him to collect the rental income on behalf of the Trust, misrepresented a purported tax controversy, and has misrepresented the state of Plaintiff's funds through numerous inaccurate and nonsensical "accountings." Upon information and belief, Defendant has also prepared and filed tax returns on Plaintiff's behalf containing numerous misrepresentations as to the distributions made. Further, Defendant also caused the Trust to incur substantial tax liabilities due to his disregard of the Trust's terms and retaining income.

44. Defendant's misappropriation of Plaintiff's funds and other property was unauthorized, without the Trust's consent, and fraudulent. Defendant acted with the intent to permanently deprive the Trust of the possession, use, and benefit of its funds.

45. As a result of Defendant's fraudulent and unauthorized misappropriation and embezzlement of Plaintiff's funds, while acting in a fiduciary capacity, combined with Defendant's false pretenses, false representations, and actual fraud set forth herein, while acting in a fiduciary capacity, Plaintiff has suffered damages in an amount not less than $1,200,000.

46. Defendant's debt to the Trust is nondischargeable under 11 U.S.C. § 523(a)(4) because it was incurred as a result of actual fraud while acting in a fiduciary capacity and embezzlement.

47. The damages arising from Defendant's actual fraud while acting in a fiduciary capacity and embezzlement constitute a debt against Defendant that is nondischargeable under 11 U.S.C. § 523(a)(4).

### THIRD CLAIM FOR RELIEF

### (Nondischargeability of Debt – 11 U.S.C. § 523(a)(6))

48. Plaintiff realleges and incorporates by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

49. At all relevant times, Defendant acted as the Trust's fiduciary. Defendant was Special Administrator of the Estate of Tania Wendriger, which made use of Trust assets to pay off a debt outside of the Trust. Defendant was also an attorney for the Trust handling the purported tax issue and trust administration.

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBTS**

50.    Defendant owed Plaintiff, as co-Trustee and as a beneficiary of the Trust, a fiduciary duty at all relevant times, including the duty of loyalty and candor. Defendant further owed a fiduciary duty for all Trust funds held in "reserve" for the tax issue under California's Client Trust Account rules, including the duty not to use said for his own self-gain.

51.    Defendant intentionally misappropriated and embezzled approximately $1,200,000 from the Trust.  Defendant misrepresented his position to the property management company to allow him to collect the rental income on behalf of the Trust, misrepresented a purported tax controversy, and has misrepresented the state of Plaintiff's funds through numerous inaccurate and nonsensical "accountings."  Upon information and belief, Defendant has also prepared and filed tax returns on Plaintiff's behalf containing numerous misrepresentations as to the distributions made. Further, Defendant also caused the Trust to incur substantial tax liabilities due to his disregard of the Trust's terms and retaining income.

52.    Defendant's misappropriation of Plaintiff's funds and other property was unauthorized, without the Trust's consent, and fraudulent.  Defendant acted with the intent to permanently deprive the Trust of the possession, use, and benefit of its funds.

53.    As a result of Defendant's fraudulent and unauthorized misappropriation and embezzlement of Plaintiff's funds, while acting in a fiduciary capacity, combined with Defendant's false pretenses, false representations, and actual fraud set forth herein, while acting in a fiduciary capacity, Plaintiff has suffered damages in an amount not less than $1,200,000.

54.    Defendant's debt to the Trust is nondischargeable under 11 U.S.C. § 523(a)(6) because it was incurred as a result of actual fraud while acting in a fiduciary capacity and embezzlement.

55.    The damages arising from Defendant's willful and malicious injury to the Trust constitute a debt against Defendant that is nondischargeable under 11 U.S.C. § 523(a)(6).

///

///

///

11

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBTS**

**FOURTH CLAIM FOR RELIEF**

**(Nondischargeability of Debt – 11 U.S.C. § 727(a)(12)**

56.    Plaintiff realleges and incorporates by reference all of the prior and subsequent allegations in this Complaint as though fully set forth herein.

57.    Pursuant to 11 U.S.C. § 727(a)(12), upon proper notice and hearing, a discharge may be denied if the Court finds reasonable cause that the debt is the product of fraud or deceit.

58.    In August of 2021, Plaintiff filed a Petition for Return of Trust Property against Defendant in Los Angeles Superior Court, Probate Division, Case No. 21STPB08420. This matter is pending, but stayed by the present bankruptcy case.

59.    Defendant has sought a homestead exemption in the real property located at 322 N. June Street, Los Angeles, CA 90004 in the amount of $678,391.00.  Any homestead exemption based on state law is reduced to $189,050.00 when the Debtor's debts arise form "fraud, deceit, or manipulation in a fiduciary capacity." 11 U.S.C. § 522(q)(1)(B)(ii).

60.    As set forth hereinabove, Defendant's debt to Plaintiff in an amount not less than $1,200,000 arose from fraud, deceit, or manipulation in a fiduciary capacity.

61.    Accordingly, Debtor is not entitled to a discharge of his debts pursuant to 11 U.S.C. § 727(a)(12).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment on the Complaint as follows:

62.    On the First Claim for Relief, Plaintiff seeks an order determining that Defendant is indebted to Plaintiff in an amount not less than $1,200,000 and that Defendant's debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2);

63.    On the Second Claim for Relief, Plaintiff seeks an order determining that Defendant is indebted to Plaintiff in an amount not less than $1,200,000 and that Defendant's debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(4);

///

///

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBTS**

64.    On the Third Claim for Relief, Plaintiff seeks an order determining that Defendant is indebted to Plaintiff in an amount not less than $1,200,000 and that Defendant's debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

65.    On the Fourth Claim for Relief, Plaintiff seeks an order denying Defendant's discharge pursuant to 11 U.S.C. § 727(a)(12);

66.    For costs of suit incurred herein; and

67.    For such other and further relief as the Court may deem appropriate.

Dated:  May 11, 2023                              SHUMAKER MALLORY, LLP




                                                 By: _____
                                                 CLARISSE YOUNG SHUMAKER
                                                 BRETT J. WASSERMAN
                                                 Attorneys for Creditor
                                                 ADI VENDRIGER, Co-Trustee

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBTS**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1 Ringbit Rd. W., Rolling Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*):  COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBTS AND TO DENY DISCHARGE

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/11/2023        , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached.

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)   05/11/2023        , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Brian A. Procel
PROCEL LAW PC
401 Wilshire Blvd., 12th floor
Santa Monica, CA 90401

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)                , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/11/2023 | Davida J. Goldman | *Davida J. Goldman* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ATTACHMENT I

**Proof Of Service Of Document**
**In re LESLIE KLEIN Case No.: 2:23-bk-10990-SK**

1.      **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (CONTINUED):**

- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael Jay Berger**    michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Greg P Campbell**    ch11ecf@aldridgepite.com,
  gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Theron S Covey**    tcovey@raslg.com, sferry@raslg.com
- **Dane W Exnowski**    dane.exnowski@mccalla.com,
  bk.ca@mccalla.com,mccallaecf@ecf.courtdrive.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com,
  cavila@elkinskalt.com,lwageman@elkinskalt.com,docketing@elkinskalt.com
- **Brandon J Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Michael Jones**    michael.jones4@usdoj.gov
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Steven M Mayer**    smayer@mayerlawla.com
- **Krikor J Meshefejian**    kjm@lnbyg.com
- **Joshua L Scheer**    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Mark M Sharf (TR)**    mark@sharflaw.com,
  C188@ecfcbis.com;sharf1000@gmail.com;2180473420@filings.docketbird.com
- **Alan G Tippie**    Alan.Tippie@gmlaw.com,
  atippie@ecf.courtdrive.com;Karen.Files@gmlaw.com,patricia.dillamar@gmlaw.com,denise.walk
  er@gmlaw.com
- **Gary Tokumori**    gtokumori@pmcos.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Michael L Wachtell**    mwachtell@buchalter.com
- **John P. Ward**    jward@attleseystorm.com, ezhang@attleseystorm.com
- **Clarisse Young**    youngshumaker@smcounsel.com, levern@smcounsel.com
- **Paul P Young**    paul@cym.law, jaclyn@cym.law
- **Roye Zur**    rzur@elkinskalt.com,
  cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com

**COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBTS
AND TO DENY DISCHARGE**

**ATTACHMENT 1  May 11, 2023**

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Adi Vendriger, Co-Trustee and beneficiary of the First Amendment Trust Wendriger Family dated May 7, 1990 | DEFENDANTS<br>LESLIE KLEIN and DOES 1 through 10 |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>SHUMAKER MALLORY, LLP<br>280 S. Beverly Dr. #505<br>Beverly Hills, CA 90212 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>□ Debtor □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>☒ Debtor □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor □ Other<br>□ Trustee |
|---|---|

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Determine the Nondischargeability of Debts Owed to Plaintiff Pursuant to 11 U.S.C. § 523 and to Deny Discharge Pursuant to § 727(a)(12)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [4] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [2] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [3] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 1,200,000 |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>LESLIE KLEIN | BANKRUPTCY CASE NO.<br>2:23-bk-10990-SK | |
| DISTRICT IN WHICH CASE IS PENDING<br><br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>SANDRA KLEIN |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Clarisse Young Shumaker* | | |
| DATE<br><br>MAY 11, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>CLARISSE YOUNG SHUMAKER | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| SHUMAKER MALLORY LLP<br>Clarisse Young Shumaker (SBN 106505)<br>youngshumaker@smcounsel.com<br>Brett J. Wasserman (SBN 315058)<br>wasserman@smcounsel.com<br>280 S. Beverly Dr. Suite 505<br>Beverly Hills, CA 90212<br>Telephone: (213) 793-2020<br>Facsimile: (213) 674-4268<br><br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>LESLIE KLEIN,<br><br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-10990-SK<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: |
|---|---|
| ADI VENDRIGER, Co-Trustee and beneficiary of The First Amendment Trust Wendriger Family Dated May 7, 1990<br><br><br>Plaintiff(s)<br>Versus<br>LESLIE KLEIN and DOES 1 through 10,<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _1575_ | **Address:**<br>☒ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 2                                    **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
280 S. Beverly Dr. Suite 505
Beverly Hills, CA 90212

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:
COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBTS AND TO DENY DISCHARGE
_____

_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____     _____          _____
*Date*                                      *Printed Name*                                     *Signature*

_____
This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.