Michael S. Kogan (SBN 128500)
**KOGAN LAW FIRM, APC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone (310) 954.1690
mkogan@koganlawfirm.com

Attorneys for Leslie Klein

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:23-bk-10990-SK |
| LESLIE KLEIN, | Chapter 11 |
| Debtor. | Adv. No. 2:23-ap-01151-SK |
| _____ | |
| ADI VENDRIGER, Co-Trustee and beneficiary of the First Amendment Trust Wendriger Family Dated May 7, 1990, | **MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Plaintiff, | |
| v. | |
| LESLIE KLEIN, | Date:    September 6, 2023 |
| Defendant. | Time:    9:00 a.m. |
| | Place:    Courtroom 1575 |
| _____ | |

1    Defendant, Leslie Klein ("**Debtor**" or "**Defendant**"), will and does hereby move this Court

2    for an Order Dismissing Certain Causes of Action in the Complaint for Determination of

3    Nondischargeability of Debts and to Deny Discharge ("**Complaint**")  by Adi Vendriger, Co-

4    Trustee and beneficiary of the First Amendment Trust Wendriger Family Dated May 7, 1990 (the

5    "**Plaintiff**") against the Defendant Leslie Klein filed by Plaintiff in the bankruptcy estate of Leslie

6    Klein on the following grounds:

7        1.      The Fourth Cause of Action of the Complaint fails to state facts sufficient to

8    constitute a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6); and

9        2.      The Fourth Cause of Action of the Complaint should be dismissed for failure to

10   sufficiently support its causes of action under 11 U.S.C. § 727 (a)(12).

11       The Motion is based on this Motion and Memorandum of Points and Authorities filed

12   herewith, the concurrently filed Notice, all papers, pleadings, files and records in this case and

13   such evidence as the Court might receive at the time of the hearing.

14

15   DATED: August 14, 2023                **KOGAN LAW FIRM, APC**
                                           Michael S. Kogan
16

17                                    By:  /s/Michael S. Kogan
18                                         Michael S. Kogan
                                           Attorneys for Leslie Klein
19

20

21

22

23

24

25

26

27

28

MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT

**I.**

**INTRODUCTION**

Defendant, Leslie Klein ("**Debtor**" or "**Defendant**"), will and does hereby move this Court for an Order Dismissing Certain Causes of Action in the Complaint for Determination of Nondischargeability of Debts and to Deny Discharge ("**Complaint**")  by Adi Vendriger, Co-Trustee and beneficiary of the First Amendment Trust Wendriger Family Dated May 7, 1990 (the "**Plaintiff**") against the Defendant Leslie Klein filed by Plaintiff in the bankruptcy estate of Leslie Klein on the following grounds:

1.      The Fourth Cause of Action of the Complaint fails to state facts sufficient to constitute a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6); and

2.      The Fourth Cause of Action of the Complaint should be dismissed for failure to sufficiently support its causes of action under 11 U.S.C. §§ 727 (a)(12).

**This adversary proceeding arises out of transactions between Vago and defendant, Klein.**

Klein therefore respectfully requests the Court to grant its motion to dismiss or, in the alternative, to strike and for a more definite statement.

**II.**

**PROCEDURAL BACKGROUND**

On May 11, 2023, Plaintiff, Adi Vendriger, Co-Trustee and beneficiary of the First Amendment Trust Wendriger Family Dated May 7, 1990 filed the Complaint for Determination of Nondischargeability of Debts and to Deny Discharge ("**Complaint**") against the Defendant, Leslie Klein [Doc #1].

On May 12, 2023, the Court's Summons & Notice of Status Conference ("**Summons**") [Doc #2] set June 12, 2023 as the Defendant's deadline to respond to the Complaint, and a status conference on the matter for August 9, 2023 at 9:00 a.m. (the "**Status Conference**").

On June 8, 2023, Klein's then counsel Eric Olson ("**Olson**"), who had just been recently on May 23, 2023, substituted in as counsel for Klein (Doc #150) requested a 30-day extension to

1  respond to the Complaint, and represented that the Defendant needed time to retain experienced

2  bankruptcy counsel for the adversary proceeding.

3       On June 22, 2023, the parties executed and signed a Stipulation to Extend Time to

4  Respond to the Complaint. [Doc #8].

5       On June 23, 2023, the Court signed the Order on Stipulation to Extend Time to Respond to

6  the Complaint, continuing Defendant's response date to July 12, 2023. [Doc #11].

7       On July 17, 2023, Plaintiff's counsel contacted Olson with a professional courtesy notice

8  of Plaintiffs' intention to pursue a default against the Defendant. Olson responded that Klein was

9  in the process of retaining new counsel to defend in the adversary proceeding, and requested a

10  further continuance to respond to the Complaint to August 15, 2023, to enable new counsel to

11  familiarize himself with this adversary proceeding and the other pending adversary proceedings,

12  and the bankruptcy case in general.  Plaintiff's counsel indicated a further continuance would be

13  acceptable provided Defendant's new counsel made an appearance or filed an application to be

14  employed no later than July 19, 2023.  On July 19, 2023, Olson provided Defendant's new

15  counsel's name.

16       On July 21, 2023, Plaintiff proceeded to file its Request for the Clerk to Enter Default

17  Pursuant to LBR 7055 (a)(1) (Doc #20) (the "**Request for Default**"). The clerk entered the default

18  on the Request for Default on July 21, 2023 (Doc #22).

19       Pursuant to a stipulation (Doc # 30) and Order entered by the Court (Doc # 32), the Parties

20  agreed to continue the time to respond to the Complaint to August 31, 2023, and that the Default

21  entered by the Clerk of the Court shall be vacated and set aside.

22                    **III.**

23            **THE STANDARD FOR A MOTION TO DISMISS**

24       A motion pursuant to Bankruptcy Rule 7012, and Federal Rule of Civil Procedure

25  12(b)(6), is made on the basis that the facts averred fail to state a claim upon which relief can be

26  granted.  On a motion to dismiss, it is clear that the Court does not have to accept every averment

27  in the complaint as true in assessing its sufficiency.  5A Charles A. Wright & Arthur R. Miller,

28  Federal Practice and Procedure § 1357, at 311-18 (2d ed. 1990).  The averments of a complaint

1  must be "well-pleaded" and thus the court need not accept "sweeping and unwarranted averments

2  of fact."  Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).  Legal conclusions,

3  deductions or opinions couched as factual averments in a complaint are not given a presumption of

4  truthfulness.  2A James Wm. Moore et al., Moore's Federal Practice ¶ 12.07[2.-5], at 12-63 to 12-

5  64 (2d ed. 1991).  A complaint is subject to dismissal if it fails to aver a required element which is

6  necessary to obtain the relief sought.  Moore, supra, at 12-68; see, e.g., Cannon v. University of

7  Chicago, 648 F.2d 1104, 1109-10 (7th Cir. 1981), cert. denied, 454 U.S. 1128, 102 S.Ct. 981, 71

8  L.Ed.2d 117 (1981), cert. denied, 460 U.S. 1013, 103 S.Ct. 1254, 75 L.Ed.2d 482 (1983).  A

9  motion under Fed.R.Civ.P. 12(b)(6) should also be granted if a bar to relief is apparent from the

10  face of the complaint.  More, supra, at 12-68 to 12-69.

11      Vago must plead all elements of the particular avoidance section that it will rely on, rather

12  than resorting to "menu pleading" (i.e., merely quoting the statute without pleading facts).  Also,

13  merely quoting avoidance statutes without specific factual averments is inappropriate and may

14  warrant the imposition of sanctions.  See In re Englander, 79 B.R. 897 (Bankr. C.D. Cal. 1987),

15  rev'd on other grounds, 92 B.R. 425 (9th Cir. BAP 1988).

16  **IV.**

17  **THERE ARE NO FACTS THAT WOULD SUPPORT**

18  **A CAUSE OF ACTION UNDER §727**

19  **(FOURTH THROUGH EIGHTH CAUSES OF ACTION)**

20      The Fourth Cause of Action (11 U.S.C § 727(a)(12),  (the "**727 Causes of Action**") must

21  be dismissed by the Court because the cause of action is only applicable to chapter 7 individual

22  debtors. The Debtor herein and the bankruptcy case is a chapter 11 bankruptcy case.

23      11 U.S.C § 103 provides:

24      (a) Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in

25  a case under chapter 7, 11, 12, or 13 of this title, and this chapter, sections 307, 362(o), 555

26  through 557, and 559 through 562 apply in a case under chapter 15.

27      (b) Subchapters I and II of chapter 7 of this title apply only in a case under such chapter.

28

1    The 727 Causes of Action are part of Subchapter II of chapter 7, therefore according to

2 Section 103(b) they can **only** apply to a case under chapter 7.[1] See also <u>In re Duncan</u>, 2012 Bankr.

3 Lexis 524, 2012 WL 5462917 (Bankr. Az. 2012). Therefore, the 727 Causes of Action should be

4 dismissed by the Court.

5                                                  **V.**

6                                            **CONCLUSION**

7    For the foregoing reasons, Klein respectfully request that the Court grant the Motion.  The

8 deficiencies evident from the face of the Complaint warrant a dismissal of the 727 Causes of

9 Action with prejudice.

10 DATED: August 14, 2023                **KOGAN LAW FIRM, APC**
                                          Michael S. Kogan
11

12

13                                   By:   <u>/s/Michael S. Kogan</u>
                                          Michael S. Kogan
14                                        Attorneys for Leslie Klein

---

[1] Chapter 11 has its own timing and Bankruptcy Code section that applies to the debtor's
    discharge of debts. See Section 1141. In a chapter 11 case, the complaint shall be filed no later
    than the first date set for hearing on confirmation. FRBP 4004(a).

| | |
|---|---|
| In re: LESLIE KLEIN<br><br>                            Debtor(s).<br><br>Adi Vendriger  v Leslie Klein | CHAPTER: 11<br>CASE NUMBER: 2:23-bk-10990-SK<br><br>Adv. No. 2:23-ap-01151-SK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 11500 W. Olympic Blvd., Suite 400, Los Angeles, California 90064

A true and correct copy of the foregoing document described as **MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 14, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **August 14, 2023, 2023,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **August 14, 2023** | Pamela Lynn | /s/*Pamela Lynn* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT

| In re: LESLIE KLEIN | CHAPTER: 11 |
| | CASE NUMBER: 2:23-bk-10990-SK |
| Debtor(s). | |
| Adi Vendriger  v Leslie Klein | Adv. No. 2:23-ap-01151-SK |

**ADDITIONAL SERVICE INFORMATION (if needed):**

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Brett Wasserman (PL)  wasserman@smcounsel.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Clarisse Young youngshumaker@smcounsel.com, levern@smcounsel.com

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL - VIA U.S. MAIL**

Hon. Sandra Klein
U.S. Bankruptcy Court
255 E. Temple St. #1582
Los Angeles, CA 90012

MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT