**SHUMAKER MALLORY LLP**
Clarisse Young Shumaker (SBN 106505)
youngshumaker@smcounsel.com
Brett J. Wasserman (SBN 315058)
wasserman@smcounsel.com
280 S. Beverly Dr., Suite 505
Beverly Hills, CA 90212
**Mailing Address**
1 Ringbit Rd. W.
Rolling Hills, CA 90274
Telephone: (213) 793-2020
Facsimile: (213) 674-4268

Attorneys for Creditor and Plaintiff ADI VENDRIGER, Co-Trustee and beneficiary of The First Amendment Trust Wendriger Family Dated May 7, 1990

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LESLIE KLEIN,<br><br>      Debtor and Debtor in Possession.<br><br>ADI VENDRIGER, Co-Trustee and beneficiary of the First Amendment Trust Wendriger Family Dated May 7, 1990,<br><br>      Plaintiff,<br><br>      v.<br><br>LESLIE KLEIN and DOES 1 through 10,<br><br>      Defendants. | Case No. 2:23-bk-10990-SK<br><br>Adv. Case No.: 2:23-ap-11151-SK<br><br>**OPPOSITION TO MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT**<br><br>Date: October 18, 2023<br>Time: 9:00 a.m.<br>Crtm: 1575 |

///

///

1

**TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HIS COUNSEL, AND ALL OTHER INTERSTED PARTIES:**

Plaintiff, Adi Vendriger, Co-Trustee and beneficiary of Creditor The First Amendment Trust Wendriger Family Dated May 7, 1990 ("Plaintiff"), hereby submits his opposition ("Opposition") to Debtor's Motion for Order Dismissing Certain Causes of Action in Complaint ("Motion") (Docker No. 17) and respectfully represents as follows:

**I.     INTRODUCTION**

Contrary to the Defendant's motion seeking dismissal of Plaintiff's Fourth Claim for Relief for determination of dischargeability under 11 U.S.C. § 727(a)(12), such determination is proper here in order to determine whether a discharge would be denied under 11 U.S.C. § 1141(d)(3)(c).

**II.    ARGUMENT**

Defendant's motion to dismiss the fourth claim for relief under 11 U.S.C. § 727(a)(12) should be denied as explained hereinbelow.

   A.    <u>11 U.S.C. § 1141(d)(3)</u>

11 U.S.C. § 1141(d)(3) states that unless otherwise provided for by the Code or the plan, the confirmation of a chapter 11 plan does not discharge a debtor if the plan provides for the liquidation of all or substantially all of the property of the estate, the debtor does not engage in business after the consummation of the plan, and the debtor "would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title."

   B.    <u>11 U.S.C. § 1141(d)(5)(c) mirrors 11 U.S.C. § 727(a)(12)</u>

Moreover, 11 U.S.C. § 1141(d)(5)(c) provides that an individual debtor may be denied a discharge if the court finds that there is reasonable cause to believe that (i) section 522(q)(1) may be applicable to the debtor; or (ii) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B).

///

1   Notably, the language cited above from 11 U.S.C. § 1141(d)(5)(c), mirrors the language
2   found in 11 U.S.C. § 727(a)(12), which states the court shall grant the debtor a discharge unless
3   "finds that there is reasonable cause to believe that (i) section 522(q)(1) may be applicable to the
4   debtor; or (ii) there is pending any proceeding in which the debtor may be found guilty of a
5   felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in
6   section 522(q)(1)(B)."
7   11 U.S.C. § 522(q)(1) limits the amount a debtor may exempt if: (i) the court determines
8   the Defendant has been convicted of a felony that demonstrates that under the circumstances the
9   filing of the bankruptcy case was an abuse of the Code; or (ii) the debt owed arises from fraud,
10  deceit, or manipulation in a fiduciary capacity.

11    C.  <u>11 U.S.C. § 522(q)</u>

12  This Court has already made a finding against Defendant under 11 U.S.C. § 522(q) on
13  May 17, 2023 when the Court granted a motion to reduce Defendant's homestead exemption
14  pursuant to 11 U.S.C. § 522(q).  (Docket No. 141).

15    D.  <u>Defendant's Motion to Dismiss Should be Denied</u>

16  A chapter 11 trustee was also appointed on May 24, 2023. (Docket No. 155). In the
17  chapter 11 trustee's First Status Report on July 21, 2023, the trustee noted "…the Debtor has
18  been largely uncooperative…has failed to honor virtually any information and documentary
19  requests…" and various parties assert numerous, competing claims for potential estate assets.
20  (Docket No. 199).  The trustee also reported numerous adversary proceedings against the
21  Defendant seeking to determine the debts owed by Defendant are nondischargeable.   While the
22  Defendant is an individual and has included an interest in his law practice, it is unclear if, but
23  reasonably practical that, the plan ultimately proposed by the chapter 11 trustee would include a
24  complete liquidation of the Defendant's assets and in light of this Court's finding against
25  Defendant under section 522(q) that Defendant will not be permitted to continue the practice
26  of law.
27  ///

3

**OPPOSITION TO MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT**

Plaintiff has timely filed an adversary proceeding seeking the nondischargeability of debtor's debt to plaintiff on various grounds, including under 11 U.S.C. § 727(a)(12). Plaintiff's claim for relief under 11 U.S.C. § 727(a)(12) is proper and should not be dismissed as it provides the fundamental analysis for assessing nondischargeability under 11 U.S.C. § 1141(d)(3), contains the same language referenced in 11 U.S.C. § 1141(d)(5), and in light of the possibility of a conversion to a chapter 7 case. Thus, the Court should deny the motion to dismiss the claim for relief under 11 U.S.C. § 727(a)(12).

Respectfully submitted,

Dated:  September 12, 2023         SHUMAKER MALLORY, LLP

By: _____
CLARISSE YOUNG SHUMAKER
BRETT J. WASSERMAN
Attorneys for Creditor
ADI VENDRIGER, Co-Trustee

OPPOSITION TO MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1 Ringbit Rd. W., Rolling Hills, CA 90274

A true and correct copy of the foregoing document entitled (*specify*): OPPOSITION TO MOTION FOR ORDER DISMISSING CERTAIN CAUSES OF ACTION IN COMPLAINT
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/12/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   Michael S. Kogan (DF) mkogan@koganlawfirm.com
   Clarisse Young Shumaker (PL) youngshumaker@smcounsel.com
   Brett Wasserman (PL) wasserman@smcounsel.com
   United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 09/12/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 09/12/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
   Hon. Sandra R. Klein, 255 E. Temple Street, Suite 1582, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/12/2023 | Davida J. Goldman | *Davida J. Goldman* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE